[Cite as *In re D.B.*, 2021-Ohio-1702.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: D.B. | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| ALLEGED DEPENDENT CHILD, | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2021 CA 0002 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County
Court of Common Pleas, Juvenile
Division, Cse No. 2017-DEP-00112

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            May 17, 2021

APPEARANCES:

For Plaintiff-Appellee D.B.              For Defendant-Appellant M.A

GEORGE R. KEYSER                        JOHN S. DILTS
44 Park Avenue West, Suite 202          28 South Park St.
Mansfield, Ohio 44902                   Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}   Defendant-appellant M.A. appeals from the November 17, 2020 Judgment Entry of the Richland County Court of Common Pleas, Juvenile Division.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant M.A. is the biological father of D.B. (DOB 6/4/12). On May 24, 2017, Richland County Children Services Board filed a complaint alleging that D.B. was a dependent child. On July 7, 2017, appellant filed a motion seeking legal custody of D.B. The Magistrate, in a Decision filed on September 25, 2017 following a September 13, 2017 trial, found D.B. to be a dependent child and ordered that D.B. be placed in the protective supervision of Children Services. A Judgment Entry approving and adopting the Magistrate's Decision was filed on September 25, 2017.

{¶3}   Appellant, on January 22, 2018, filed a Notice of Dismissal of his Motion for Legal Custody.  The motion was dismissed.

{¶4}   On October 11, 2018, Richland County Children Services Board filed a Motion to Terminate Protective Supervision.  Appellant filed an objection to the same on the grounds that the child did not live with her mother.

{¶5}   Appellant, on November 19, 2018, filed a Motion for Legal Custody of the child.

{¶6}   The Magistrate, in a Decision filed on January 18, 2019, recommended that the motion to terminate the protective supervision of Children's Services be granted. A Judgment Entry approving and adopting the Magistrate's Decision was filed on the same date.

**{¶7}** The Magistrate, in a Decision filed on April 17, 2019, recommended that appellant's Motion for Legal Custody be denied. A Judgment Entry approving and adopting the Magistrate's Decision was filed on May 7, 2019. Following a review hearing held on March 11, 2020, the child was placed in the temporary custody of Dawn B., the child's maternal aunt, as an interim order. On March 31, 2020, Dawn B. filed a Motion for Disposition, seeking to be designated the temporary custodian of D.B. Appellant, on April 2, 2020, filed a Motion for Disposition, seeking the return of the child.

**{¶8}** On July 13, 2020, Dawn B. filed an amended motion seeking legal custody of D.B. On July 21, 2020, appellant filed an amended Motion for Legal Custody. On September 29, 2020, Dawn B. filed another motion seeking legal custody of D.B.

**{¶9}** Following a trial held on November 2, 2020, the Magistrate recommended, in a Decision filed on November 17, 2020, that D.B. be placed in the legal custody of Dawn B. and that appellant's Motion for Legal Custody be denied. A Judgment Entry approving and adopting the Magistrate's Decision was filed on November 17, 2020. Appellant filed an objection to the Magistrate's Decision on December 3, 2020, arguing, in part, that there was no finding that he was unable to take care of D.B., lacked the resources to care for D.B., and/or lacked the ability to care for her. The trial court, on December 10, 2020, overruled the objection, finding that appellant's objection and the objections filed by D.B.'s mother were not timely filed.

**{¶10}** Appellant now appeals, raising the following assignment of error on appeal:

**{¶11}** "I. THE COURT ERRED BY GRANTING LEGAL CUSTODY TO A NON-PARENT WITHOUT FIRST DETERMINING THE PARENT TO BE UNSUITABLE AS REQUIRED BY IN RE PERALES, 52 OHIO ST. 2ND 89, 369 N.E. 2ND 1047, AND

HOCKSTOCK V. HOCKSTOCK, 98 OHIO ST. 3D 238, 2002-OHIO-781 N.E.2ND 971 AND

GORSLENE V. HUCK, 2001 OHIO APP. LEXIS 4927, AMONG OTHERS."

I

**{¶12}** The sole assignment of error is addressed to the trial court's award of legal custody of D.B. to her maternal aunt. Appellant argues that in a custody dispute between a parent and a non-parent, the juvenile court may not award custody to a non-parent without first making a finding of parental unsuitability pursuant to *In Re: Perales*, 52 Ohio St.2d 89, 369 N.E. 2d 1047 (1977) and other cases.

**{¶13}** The *Perales* court held: "In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a non-parent, the hearing officer may not award custody to non-parent without first making a finding of parental unsuitability-that is, without first determining that the preponderance of the evidence shows the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that award of custody to the parent would be detrimental to the child." Syllabus by the court.

**{¶14}** Thus, before awarding legal custody to a non-parent, a trial court must ordinarily make a finding that each parent is unsuitable. See *In re L.P.*, 5th Dist. Muskingum No. CT2016-0045, 2017-Ohio-52, ¶ 18 citing *In re L.M.,* 2nd Dist. Greene No. 2010–CA–76, 2011–Ohio-3285, ¶ 18 *citing In re Hockstock,* 98 Ohio St.3d 238, 2002–Ohio–7208, 781 N.E.2d 971. This requirement does not apply, however, in cases involving abuse, neglect, or dependency. *Id.* The Ohio Supreme Court in *In re C.R.* held "[a] juvenile court adjudication of abuse, neglect, or dependency is a determination about the care and condition of a child and implicitly involves a determination of the unsuitability

of the child's custodial and/or noncustodial parents." 108 Ohio St.3d 369, 2006–Ohio–1191, 843 N.E.2d 1188, paragraph two of syllabus. Thus, "[w]hen a juvenile court adjudicates a child to be abused, neglected, or dependent, it has no duty to make a separate finding at the dispositional hearing that a noncustodial parent is unsuitable before awarding legal custody to a nonparent." *In re L.M.,* 2nd Dist. Greene No. 2010-CA-76, 2011–Ohio–3285 at paragraph 18, quoting *In re C.R.,* 108 Ohio St.3d 369, paragraph three of syllabus. "[N]o statute requires a finding of parental unfitness as a prerequisite to an award of legal custody in cases where a child is adjudged abused, neglected, or dependent." *In re C.R.,* 108 Ohio St.3d 369, 2006–Ohio–1191, at ¶ 21.

**{¶15}** In this case, D.B. was an adjudicated dependent. The trial court, therefore, was not required to make a separate finding that appellant was unsuitable before awarding legal custody of D.B. to D.B.'s maternal aunt. See also *In re Palmer Children,* 5th Dist. Muskingum No. CT2006–0009, 2006–Ohio–4747.

**{¶16}** Appellant's sole assignment of error is, therefore, overruled.

{¶17}  Accordingly, the judgment of the Richland County Court of Common Pleas, Juvenile Division is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Delaney, J. concur.