[Cite as *In re C.C.*, 2021-Ohio-3222.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: C.C. | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Adjudged Dependent Child | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | Case No. 2021CA0016 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:                    Appeal from the Coshocton County
                                            Juvenile Court, Case No. 20203021

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT:                           September 15, 2021

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

SARA R. CHISNELL                            DUSTIN CARROLL, Pro Se
Coshocton County Job and Family Services    Inst. No. A767-546
725 Pine Street                             Noble Correctional Institution
Coshocton, Ohio 43812                       15708 McConnelsville Road
                                            Caldwell, Ohio 43724

*Baldwin, J.*

{¶1}   Appellant, Dustin Carroll, appeals the decision of the Coshocton County Common Pleas Court, Juvenile Division, granting legal custody of C.C. to his maternal grandparents.  Appellee is Coshocton County Job and Family Services.

### STATEMENT OF FACTS AND THE CASE

{¶2}   Coshocton County Job and Family Services filed a complaint in the Juvenile Division of the Coshocton County Common Pleas Court on February 14, 2020 alleging that C.C. and a sibling, M.C., were neglected and dependent children.  Carroll, father of C.C., appeared at the initial hearing on this matter on March 10, 2020 and declined court appointed counsel, stating that he intended to represent himself. The court entered a denial to the allegations of the complaint on behalf of Carroll and all parents.

{¶3}   By entry of April 17, 2020, the trial court scheduled the matter for an adjudicatory hearing to occur May 7, 2020 "and, upon agreement by all Parties, for a Dispositional Hearing immediately following the Adjudicatory Hearing."  Appellant, Dustin Carroll, received a copy of the notice or was otherwise made aware of the hearing as he was in attendance at the May hearing via video link from the Noble County Correctional Center.

{¶4}   At the adjudicatory hearing, Carroll requested court appointed counsel for future hearings, but did not request a continuance of the adjudicatory or dispositional hearing on May 7, 2020. Carroll stated it was his intent to enter an admission to the dependency allegations in the complaint.   In the judgment entry describing the adjudicatory hearing the trial court recorded that it:

* * * reviewed the Notice of Rights, Waiver of Rights, and Written Admission with Mr. Carroll. The Court further informed Mr. Carroll that no promises where being made for favorable treatment if he chose enter the admission, that no promises where being made as to the specific dispositions. Mr. Carroll advised the Court that he understood and entered said admission by his own free will.

(Judgment Entry, May 7, 2020 Adjudicatory Hearing, Journalized Feb, 2, 2021).

{¶5}   The court accepted Carroll's admission and after further proceedings regarding C.C.'s mother and the father of a sibling, found C.C. dependent. The court noted that "The present Parties (sic) agreed to immediately proceed to the Dispositional Hearing." (Judgment Entry, May 7, 2020 Adjudicatory Hearing, Journalized Feb, 2, 2021) and it proceeded to conduct the disposition again noting that Carroll appeared at the initial hearing on this matter and declined court appointed counsel, stating that he intended to represent himself. He requested court appointed counsel for future hearings, but did not request a continuance of the dispositional hearing. At the dispositional hearing the court found "that present parties have consented to the Dispositional Hearing being held immediately after the Adjudicatory Hearing" before receiving evidence.  (Judgment Entry, May 7, 2020 Dispositional Hearing, Journalized Feb, 2, 2021).

{¶6}   The trial court ordered that the children remain in the temporary custody of their maternal aunt and uncle and in the protective supervision of Coshocton County Job and Family Services.  The court found probable cause for the removal of the children from their parents' custody and, with respect to Carroll, found that he was " in prison, serving

a two-year sentence for a Weapon Under Disability conviction." (Judgment Entry, May 7, 2020 Dispositional Hearing, Journalized Feb, 2, 2021, p. 2).

{¶7} In February 2021, Coshocton County Job and Family Services moved to place C.C. in the legal custody of his maternal grandparents and close the case. (Motion to Change Custody and Close Case, Feb. 21, 2021). Within the motion, Carroll is described as "serving a third-degree felony sentence in the Noble Correctional Institute with an expected release date of 9/24/21. He has not participated in reunification activities due to his incarceration and will not be able to do so in a reasonable amount of time." *Id.* at p. 2.

{¶8} The trial court scheduled a hearing for the motion on legal custody to occur on March 4, 2021 and provided notice to all parties and recommended attendance via video connection. (Judgment Entry and Hearing Notice, Feb. 26, 2021). The trial court heard evidence from a Children's Services Worker and accepted the guardian ad litem's report into evidence.

> At the conclusion of the presentation of evidence, the Court inquired of the parents appearing if they wished to be heard regarding the disposition. The Mother declined and confirmed legal custody to kinship was in her children's best interest. The Father Dustin Carroll advised that he disagreed with legal custody on the basis that the Court lacked jurisdiction in the matter. He further advised that his attorney had failed to raise these defenses and he wished to proceed on them pro se. His attorney was excused, but asked to remain on standby in the event reappointment was requested. Mr. Carroll then testified that the Court lacked jurisdiction due to

the prior procedure at the Adjudicatory and Dispositional hearing, which were both conducted on the same day, and that he had not been allowed to engage to reunify the child with him.

The Court requested that he brief the matter no later than March 18, 2021, and allowed JFS to respond no later than March 25, 2021.

(Judgment Entry, Apr. 9, 2021, p. 2).

**{¶9}** Carroll filed a brief and JFS responded. The trial court considered the briefs and concluded:

The Court does not lack jurisdiction in the matter pursuant to Juv.R 34(A) as alleged by the Father Dustin Carroll. The Judgement Entry of the Adjudicatory Hearing, filed May 7, 2020 provides that "All present Parties agreed to immediately proceed to the Dispositional Hearing." The cited rule provides for such procedure. The Father's argument that he had no opportunity to reunify is also unpersuasive. When the matter commenced in the Court on February 14, 2020, Mr. Carroll was incarcerated in a state penal institution where he has remained throughout the case. His appearance was arranged so he could attend all proceedings. While virtual appearance was possible for court, it does not work for parenting. A child requires a parent to be present in the home, especially a 5-year-old boy. Mr. Carroll hopes to be released later in 2021 and would like to reengage with his son, and nothing in this disposition precludes that as the disposition of Legal Custody preserves a parent's residual rights.

*Id.*

**{¶10}** The trial court granted the motion for legal custody and issued an order authorizing JFS to close its case on this matter. Carroll filed a timely appeal and submitted two assignments of error:

**{¶11}** "I. THE TRIAL COURT LACKS JURISDICTION TO HOLD ADJUDICATORY AND DISPOSITIONAL HEARINGS ON THE SAME DAY."

**{¶12}** "II. MR. CAROL WAS DENIED EQUAL PROTECTION OF THE LAW WHEN HE WAS NOT GIVEN A FAIR OPPORTUNITY TO DEMONSTRATE SUITABILITY."

## ANALYSIS

**{¶13}** This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

**{¶14}** We also note that Carol represented that he was appealing from a "judgment entry granting parents permanent custody over C. C." (Notice of appeal, May 5, 2021). His characterization of the court's judgment is inaccurate, as the order granted legal custody to non-parents, and not permanent custody. (Judgment Entry, April 9, 2021, p. 2).

## LACK OF TRANSCRIPTS

**{¶15}** Carroll has not provided transcripts of the hearings before the trial court or a statement of the evidence under App.R.9(C). Although we make some allowances for pro se litigants, we cannot change the fundamental requirement that appellant, as the party asserting that there was an error in the trial court, bears the burden in the court of appeals to demonstrate error by reference to matters made a part of the record. *Knapp v. Edward Laboratories* (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript

necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*

**{¶16}** In the interest of justice, we have reviewed the record filed with this court concluded that the information in the judgment entries in that record support a denial of appellant's assignments of error. He first contends that the trial court erred by proceeding to disposition immediately after the adjudication in violation of Juv.R. 34. Juv.R. 34(A) requires that at least one day elapse between the adjudicatory and dispositional hearings, unless the parties consent to holding the dispositional hearing immediately after the adjudication. The trial court noted in the entries from the adjudication and the disposition that all parties consented to conducting the disposition immediately after the adjudication and nothing within the record supports a conclusion that Carroll objected to proceeding to disposition immediately after adjudication.

**{¶17}** Carroll next alleges that "all documents required for the dispositional hearing" had not been provided, but he fails to describe what documents were not served on him. He also complains about not having counsel, but the judgment entry makes clear that he had rejected the offer of counsel, then requested counsel, but did not seek a continuance. Juvenile Rule 34 provides that "[u]pon the request of any party or the guardian ad litem of the child, the court may continue a dispositional hearing for a reasonable time not to exceed the time limit set forth in this division to enable a party to obtain or consult counsel." The record before us shows that Carroll had the opportunity to consult with counsel and chose not to do so. He cannot now complain of the lack of counsel.

**{¶18}** Carroll's second assignment of error contends his due-process rights were violated because he did not have the opportunity to prove his suitability. Carroll's suggestion that the court must find him unsuitable prior to awarding legal custody to a non-parent is incorrect. We recently considered this issue and found that a finding of unsuitability is not necessary:

[a] juvenile court adjudication of abuse, neglect, or dependency is a determination about the care and condition of a child and implicitly involves a determination of the unsuitability of the child's custodial and/or noncustodial parents." 108 Ohio St.3d 369, 2006-Ohio-1191, 843 N.E.2d 1188, paragraph two of syllabus. Thus, "[w]hen a juvenile court adjudicates a child to be abused, neglected, or dependent, it has no duty to make a separate finding at the dispositional hearing that a noncustodial parent is unsuitable before awarding legal custody to a nonparent." *In re L.M.,* 2nd Dist. Greene No. 2010-CA-76, 2011-Ohio-3285 at paragraph 18, quoting *In re C.R.,* 108 Ohio St.3d 369, 843 N.E.2d 1188, paragraph three of syllabus. "[N]o statute requires a finding of parental unfitness as a prerequisite to an award of legal custody in cases where a child is adjudged abused, neglected, or dependent.

*In re D.B.*, 5th Dist. Richland No. 2021 CA 0002, 2021-Ohio-1702, ¶ 15.

**{¶19}** In this case, C.C. was an adjudicated dependent. The trial court, therefore, was not required to make a separate finding that appellant was unsuitable before awarding legal custody of C.C. to C.C.'s maternal grandparents.

**{¶20}** As noted by the trial court in its judgment entry of April 9. 2021, Carroll was incarcerated during the time this matter was pending in court. Even if he was entitled to an opportunity to prove his suitability, his incarceration would have prevented success. The pleadings in the record suggest that Carroll will remain incarcerated until September 2021, seven months after the date of the hearing. We note that Carroll has recently appealed a 2021 conviction for Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Facility which may extend his incarceration for as much as one year. "The trial court was not required to keep the child in limbo or to experiment with [its] welfare in order to see whether appellant could adequately protect the child upon [his] release from prison. We cannot fault the trial court for deciding not to experiment with the child's welfare in order to provide appellant an opportunity to prove [his] ability to give the child proper care. *In re J.V–M.P.,* 4th Dist. Washington No. 13CA37, 2014–Ohio–486, ¶ 26, as quoted in *In re M.M.,* 4th Dist. Meigs No. 14CA6, 2014-Ohio-5111, ¶ 33.

**{¶21}**  Because Carroll has failed to file a transcript of the proceedings in the court below, and because the information available in the judgment entries contained within the record support denial of the assignments of error, Carroll's assignments are denied and the decision of the Coshocton County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.